*442
 
 Bell, J.
 

 Counsel in their briefs and in oral argument have discussed many questions of fact and law. We think that the record presents a three-fold barrier to relator’s right to the relief for which it prays.
 

 First. Has the relator a plain and adequate remedy at law¶
 

 The record makes abundantly clear without contradiction that relator is the owner and holder of 14 anticipatory notes of $1,000 each, dated November 15? 1940, due and payable on May 15,1941, bearing interest at the rate of 4% per annum until paid, and that the notes are past due and unpaid.
 

 Relator has filed no action to recover upon the notes but has been content to rely upon this allegation in its petition: “Relator further alleges that it is without legal or other remedy to secure payment of said notes and the interest due and past due thereon, except by writ of mandamus as hereinafter prayed for; that said village has.no property subject to levy and sale on execution * *
 

 This allegation is denied by the answer of the village.
 

 The burden of proof upon this disputed question of fact was upon the relator and it offered no evidence to sustain that claim.
 

 Property held by a municipality in its proprietary capacity, as distinguished from its governmental capacity, is subject to levy and sale after judgment. The record discloses that respondent, the village of Bot-kins, does own property in its proprietary capacity.
 

 The record further discloses that in the Court of Common Pleas of Shelby county there is an action pending to determine the legality of relator’s notes and relator has at no time made any attempt to be made a party to that cause. That court has full and complete jurisdiction to determine the legality of the relator’s notes and, if appropriate pleadings be filed, to grant relator such relief as is justified under the facts and law.
 

 
 *443
 
 The notes Here in question were executed under and by virtue of Section 2293-25, General Code (which is a part of the Uniform Bond Act of the state of Ohio), in anticipation of the issuance and sale of bonds of the same par value as the notes, but this fact does not add to or detract from the relator’s right to bring an action at law upon the notes after breach. The relator is interested in the issuance of the bonds only to the extent that the village use the proceeds to pay the relator’s notes. If the notes were paid from any other source relator would have no interest in the issuance of the bonds.
 

 Section 12287, General Code, reads in part as follows :
 

 “The writ [mandamus] must not be issued in a case where there is a plain and adequate remedy in the ordinary course of the law. * * *”
 

 In
 
 State, ex rel. Cope,
 
 v.
 
 Cooper, Gov.,
 
 121 Ohio St., 519, 169 N. E., 701, it is said (paragraph one of the syllabus):
 

 “A writ of mandamus does not issue in virtue of any prerogative power, and in modern practice a proceeding in mandamus is an action at law in cases where it is the appropriate remedy, and where there is no plain and adequate remedy in the ordinary course of law.”
 

 State, ex rel. White,
 
 v.
 
 City of Cleveland,
 
 132 Ohio St., 111, 5 N. E. (2d), 331, holds:
 

 “A writ of mandamus will not be issued except to command the performance of a specific duty enjoined by law, nor will it be issued where there is a plain and adequate remedy in the ordinary course of law.”
 

 Upon this state of the record we can not conclude that the relator is without a plain and adequate remedy at law. See
 
 State, ex rel. Timeus,
 
 v.
 
 Piper,
 
 64 Ohio St., 595, 61 N. E., 1145;
 
 State, ex rel. Ballard,, Solicitor,
 
 v.
 
 Harrison et al., Trustees,
 
 81 Ohio St., 98, 90 N. E., 150;
 
 State, ex rel. Tax Comm.,
 
 v.
 
 Mills, Aud.,
 
 103 Ohio St.,
 
 *444
 
 172, 132 N. E., 727;
 
 State, ex rel. Phelps,
 
 v.
 
 Gearhart, Supt. of Ins.,
 
 104 Ohio St., 422, 135 N. E., 606;
 
 State, ex rel. Domhoff & Joyce Co.,
 
 v.
 
 Harlan et al., Judges,
 
 109 Ohio St., 634, 144 N. E., 610;
 
 State, ex rel. Bassichis,
 
 v.
 
 Zangerle, Aud.,
 
 126 Ohio St., 118, 184 N. E., 289.
 

 Second. Where a prior action is pending involving the same subject matter in a court having jurisdiction a writ of mandamus by another court is barred unless it is plain that adequate relief is not obtainable in the prior case.
 

 The record discloses that Herbert Wical, a taxpayer of the village of Botkins, filed three suits in the Common Pleas Court of Shelby county, which three suits are still pending on the docket of that court. The first, No. 12247, was filed on February 11, 1941, against the then mayor, the then clerk, and the then council of the village. The prayer of the petition was for an injunction against the defendants issuing, selling or delivering $14,000 par value general obligation waterworks bonds of the village. In anticipation of the sale of those bonds the relator’s $14,000 par value notes were issued. The present officers have been made parties by an appropriate entry.
 

 On November 21, 1941, the second action was filed, No. 12357, against Arthur F. R. Billings; Ed. F. Salm and Redney Blake, respectively, the auditor, treasurer and prosecuting attorney of Shelby county, constituting the budget commission of that county, to enjoin the budget commission from certifying any tax for the payment of principal and interest of and on the anticipatory notes here in question.
 

 On Febxmary 14, 1942, the third action was filed, No. 12394, against the clerk axxd treasurer of the village to enjoin them axxd each of thexn from doing axxy act with the view to withdrawing any of the fuxxds of the vil
 
 *445
 
 lage to pay any or all of the principal and interest upon the notes.
 

 In case No. 12357 the court issued a temporary restraining order against the defendant, the budget commission of Shelby county, restraining it from doing the acts complained of during the pendency of the suit or until the further order of the court.
 

 In case No. 12394 the court issued a temporary restraining order against the clerk and treasurer restraining them and each of them from doing any of the acts complained of during the pendency of the suit.
 

 These three actions were still pending and undecided at the time of the filing of the relator’s petition and the restraining orders were in full force and effect.
 

 It is true that the relator is not a party to any of those actions. There is no reason, however, why relator could not apply to be made a party, and (if such application be granted) could set up every claim in those actions which has been set up in the petition for this writ.
 

 In
 
 State, ex rel. Akron Coal Co.,
 
 v.
 
 Board of Directors of Muskingum Watershed Conservancy District,
 
 136 Ohio St., 485, 26 N. E. (2d), 766, it is said:
 

 “Where a prior action is pending between the same litigants, involving the same subject matter, in a court having jurisdiction, a mandamus proceeding in another court is barred, unless it is plain that adequate relief is not obtainable in the prior case.”
 

 This rule has been held to apply to cases wherein the same subject matter was involved, even if the litigants were not the same. The relator, however, does allege in the petition that the actions in the Shelby county Court of Common Pleas were not brought in good faith, but no evidence was offered to support that claim and there is nothing in the record from which an inference of bad faith may be drawn.
 

 The disposition of those three law suits will dis
 
 *446
 
 pose of the questions here presented. There is no allegation in the relator’s petition that the officers of the village and the budget commission of the county are not ready and willing to issue the bonds and to pay the relator’s notes, the sole reason for their failure to act being the allowance of the restraining orders preventing them from so doing. We think, therefore, that the questions here presented can be fully tried and determined in the causes pending in the Court of Common Pleas of Shelby county. See
 
 State, ex rel. Commercial Investors Corp.,
 
 v.
 
 Zangerle, Aud.,
 
 126 Ohiq St., 247, 185 N. E., 69; 11 Ohio Jurisprudence, 727, Section 81; 38 Corpus Juris, 572, Section 451.
 

 Third. This court will not issue a writ of mandamus to compel a party to do that which he is prohibited from doing by a subsisting restraining order.
 

 Ass has been said, the Court of Common Pleas of Shelby county has issued a temporary restraining order against the budget commission of Shelby county restraining it from certifying any tax for the payment of the principal and interest of the notes owned and held by relator; and has restrained the village clerk and treasurer from doing any act with a view to withdrawing any funds from the treasury of the village to pay all or any part of the interest and principal of these note's.
 

 By a long line' of decisions this court has held that the courts of this state will not by a writ of mandamus compel a party to do that which he is' prohibited from doing by a writ of injunction.
 

 This court, in the case of
 
 Ohio & Indiana Rd. Co. v. Commrs. of Wyandot County,
 
 7 Ohio St., 278, held:
 

 “The court will not, by mandamus, compel a party to do what, by a subsisting decree of injunction, he is prohibited from doing, although the party seeking the remedy by mandamus is not a party to the decree of injunction. ’ ’
 

 
 *447
 
 There has been no deviation from the rule pronounced in that case. See
 
 State, ex rel. Grant,
 
 v.
 
 Joint Board of County Commrs. of Wood and Hancock Counties,
 
 106 Ohio St., 201, 140 N. E., 124;
 
 State, ex rel. Standard Oil Co.,
 
 v.
 
 Harris, Bldg. Inspector,
 
 109 Ohio St., 392, 141 N. E., 244;
 
 State, ex rel. Keville,
 
 v.
 
 Faurot et al., City Commrs.,
 
 126 Ohio St., 646, 186 N, E., 718.
 

 We have not considered and express no opinion upon the other questions presented. Our conclusion is that the application for the writ should be denied and the petition dismissed.
 

 Writ denied.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Williams and Turner, JJ., concur.