Bell, J.
 

 No evidence was ottered in support of any of the allegations contained in the pleadings, nor have the parties filed an agreed statement of facts. Therefore, the cause will be disposed of as though on motion for judgment on the pleadings.
 

 At the outset it may be well to restate the principle that a writ of mandamus is not a writ of right, but that the granting of such writ is a matter which rests in the sound discretion of the court.
 

 In the case of
 
 State, ex rel. Apple,
 
 v.
 
 Pence et al., Board of Education of Shelby County School Dist.,
 
 137 Ohio St., 569, 31 N. E. (2d), 841, it was held:
 

 ■ “In exercising the extraordinary power of mandamus a court should take into consideration the facts and conditions existing at the time it determines 'whether to issue a peremptory writ.” See, also,
 
 Trumbull County Board of Education
 
 v.
 
 State, ex rel. Van Wye,
 
 122 Ohio St., 247, 171 N. E., 241, and
 
 State, ex rel. Haines,
 
 v.
 
 Board of Education of Greene County School Dist.,
 
 131 Ohio St., 609, 3 N. E. (2d), 527.
 

 With that well-established rule in mind, we are confronted with this factual situation: There is a sub
 
 *214
 
 sisting decree enjoining’ the respondents from doing the very act which the relator in the instant case asks the court to compel respondents to do by the issuance of a writ of mandamus.
 

 In such a situation the law in this state has been firmly established for many years.
 

 In the case of
 
 Ohio & Indiana Rd. Co.
 
 v.
 
 Commrs. of Wyandot County,
 
 7 Ohio St., 278, this court held:
 

 “The court will not, by mandamus, compel a party to do what, by a subsisting decree of injunction, he is prohibited from doing, although the party seeking the remedy by mandamus is not a party to the decree of injunction.”
 

 There has been no deviation from the rule pronounced in that case. See, also,
 
 State, ex rel. Grant,
 
 v.
 
 Joint Board of County Commrs. of Wood and Hancock Counties,
 
 106 Ohio St., 201, 140 N. E., 124;
 
 State, ex rel. Standard Oil Co.,
 
 v.
 
 Harris, Bldg. Inspector,
 
 109 Ohio St., 392, 141 N. E., 244;
 
 State, ex rel. Keville,
 
 v.
 
 Faurot et al., City Commrs.,
 
 126 Ohio St., 646, 186 N. E., 718, and
 
 State, ex rel. First National Bank, North Baltimore,
 
 v.
 
 Village of Botkins,
 
 141 Ohio St., 437, 48 N. E. (2d), 865.
 

 The respondents having been enjoined from Ordering or holding the requested election, it follows that the writ will be denied and the petition dismissed.
 

 Writ' denied.
 

 Weygandt, C. J., Williams, Turner, Matthias and Hart, JJ., concur.
 

 Zimmerman, J., not participating.