By the Court.
 

 Only two defenses challenged by the demurrer need be considered in deciding the present cause.
 

 The fifth defense contains allegations that at the time the relator filed the petition in this court there was and still is pending in the Court of Common Pleas of Logan County an action against the relator and the respondents, in which action the plaintiffs allege they are in possession of the premises; that relator filed a cross-petition in that action alleging he is owner of a leasehold estate in the premises and entitled to the possession thereof; and that prior to the filing of this mandamus proceeding the Court of Common
 
 *419
 
 Pleas enjoined relator from molesting, interfering with or hindering the plaintiffs in their use and occupancy of the premises during the pendency of that action to quiet title of plaintiffs to possession of the premises, under a claimed right to a leasehold estate therein.
 

 The sixth defense states that there is available to the relator an adequate and sufficient remedy under the ordinary processes of the law.
 

 The facts in the present mandamus proceeding bring it within the general principle announced in
 
 State, ex rel. Akron Coal Co.,
 
 v.
 
 Bd. of Directors, Muskingum Watershed Conservancy District,
 
 136 Ohio St., 485, 26 N. E. (2d), 766, in which this court held in the syllabus : “Where a prior action is pending between the same litigants, involving the same subject matter, in a court having jurisdiction, a mandamus proceeding in another court is barred, unless it is plain that adequate relief is not obtainable in the prior case.” See, also,
 
 State, ex rel. First Natl. Bank, North Baltimore, Ohio,
 
 v.
 
 Village of Botkins,
 
 141 Ohio St., 437, 48 N. E. (2d), 865;
 
 State, ex rel. Johnson,
 
 v.
 
 Industrial Commission,
 
 144 Ohio St., 159, 57 N. E. (2d), 775;
 
 State, ex rel. Kurtz,
 
 v.
 
 Bliss et al., Deputy State Supervisors of Elections, Summit County,
 
 147 Ohio St., 211, 70 N. E. (2d), 653.
 

 The demurrer of the relator to the answer is overruled and a writ of mandamus is denied.
 

 Writ denied.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Turner and Taet, JJ., concur.