THE STATE, EX REL. NEY, PROSECUTING ATTORNEY, ET AL., *v.* GOVERNOR OF THE STATE OF OHIO.

[Cite as State, ex rel. Ney, *v.* Governor (1991), 58 Ohio St. 3d 602.]

(No. 91-185—Submitted February 13, 1991—Decided February 14, 1991.)

This cause originated in this court on the filing of a complaint for a writ of mandamus and was considered in a manner prescribed by law. In this action, relators, the Hamilton County Prosecuting Attorney and two members of the General Assembly representing Hamilton County, seek to overturn the former Governor's commutation of the death sentences of Debra Brown,[1] Elizabeth Green, and Beatrice Lampkin until and unless the current Governor complies with certain constitutional and statutory procedures, which relators allege are mandatory. Brown, Green, and Lampkin have moved to intervene as of right and to dismiss the cause on several grounds, including the fact that an action for declaratory judgment involving the same subject matter is pending in the Court of Common Pleas of Franklin County. That case involves two of the three intervenors in this case and also involves other defendants to whom the former Governor granted commutations or pardons.

We hereby grant the motion to intervene and dismiss the cause on authority of State, ex rel. First Natl. Bank, v. Botkins (1943), 141 Ohio St. 437, 25 O.O. 576, 48 N.E. 2d 865, paragraph two of the syllabus:

"Where prior actions, to which relator could be made a party and which involve the same subject matter as the instant action, are pending in another court having jurisdiction to grant full and adequate relief to all parties, a writ of mandamus will not be granted during the pendency of such prior actions."

Upon examination of the complaint filed in the Court of Common Pleas of Franklin County in Wilson v. Maurer, case No. 91CVHO1-763, we find that the subject matter of the instant action is or could be covered by the allegations made in that case and that the Court of Common Pleas of Franklin County has jurisdiction to grant full and adequate relief to all parties. Moreover, we believe that adjudication in that court will develop a full record on a wider range of clemency actions of the former Governor that will better serve a reviewing court.

We are aware that respondent Lampkin was not joined as a defendant in the declaratory judgment action, nor has relators' claim concerning the Governor's duty to report to the General Assembly been clearly specified in that complaint. We find, however, that Civ. R. 24 offers relators sufficient opportunity to intervene and file their own pleadings and motion for joinder. Likewise, we find it immaterial that the declaratory judgment action was filed one day before the instant action. Accordingly,

IT IS ORDERED by the court that the motions to intervene and to dismiss be, and the same are hereby, granted.

MOYER, C.J., SWEENEY, DOUGLAS and H. BROWN, JJ., concur.

HOLMES, WRIGHT and RESNICK, JJ., dissent.

---

[1] See State v. Brown (1988), 38 Ohio St. 3d 305, 528 N.E. 2d 523.