DECISION
{¶ 1} Relator, Eugene R. Sharp, commenced this original action in mandamus seeking an order compelling respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying his September 22, 2005 motion, which requested the commission to order respondent Hynes Industries, Inc. to pay a prior commission award *Page 2 
of temporary total disability ("TTD") compensation without deducting $15,737.70 in pension benefits received by relator.
 {¶ 2} Pursuant to Civ. R. 53 and Loc. R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate found that because relator raised the same issue in a prior action still pending in the Mahoning County Court of Common Pleas, relator was not entitled to a writ of mandamus. The magistrate reasoned that, in effect, relator's mandamus action asked this court to preempt the decision of the Mahoning County Court of Common Pleas on the same issue. Citing State ex rel. First Natl. Bank ofNorth Baltimore, Ohio v. Village of Botkins (1943), 141 Ohio St. 437, the magistrate noted that a writ of mandamus will not be granted during the pendency of a prior action in another court having jurisdiction to grant full and adequate relief involving the same subject matter. Therefore, the magistrate has recommended that we deny relator's request for a writ of mandamus.
 {¶ 3} Relator filed objections to the magistrate's decision arguing that his mandamus action seeks a different remedy from a different party than his pending action in Mahoning County. Therefore, relator contends that the magistrate's reasoning is flawed. We disagree.
 {¶ 4} After comparing the allegations in relator's complaint filed in Mahoning County with relator's complaint in mandamus, it is apparent that relator raises the same issue in both actions. In both actions, relator challenges the legality of the deduction of pension benefits from his workers' compensation benefits. The Mahoning County Court of Common Pleas has jurisdiction to grant relator full and adequate relief. Because relator has an adequate remedy at law, he is not entitled to mandamus relief. Botkins, *Page 3 
supra; State ex rel. Ney v. Governor (1991), 58 Ohio St.3d 602, 603. Accordingly, we overrule relator's objections.
 {¶ 5} Following an independent review of this matter, we find that the magistrate has properly determined the facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we deny relator's request for a writ of mandamus.
Objections overruled; writ of mandamus denied.
BROWN and KLINE, JJ., concur.
KLINE, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District. *Page 4 
 APPENDIX A MAGISTRATE'S DECISION Rendered May 14, 2008 {¶ 6} In this original action, relator, Eugene R. Sharp, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying his September 22, 2005 motion that respondent Hynes Industries, Inc., be ordered to pay a prior commission award of temporary total disability ("TTD") compensation that relator claims is unpaid, and to enter an order granting relator's motion. *Page 5 
Findings of Fact: {¶ 7} 1. On February 8, 1988, relator sustained an industrial injury while employed with Hynes Industries, Inc. ("Hynes"), a self-insured employer under Ohio's workers' compensation laws. The industrial claim is assigned claim number L36544-22.
 {¶ 8} 2. Following a September 15, 2004 hearing on an administrative appeal from an order of a district hearing officer ("DHO"), a staff hearing officer ("SHO") issued an order awarding TTD compensation. The SHO's order of September 15, 2004 states:
 It is the finding of the Staff Hearing Officer that Temporary Total Compensation shall be paid from 09/10/2003 through 05/12/2004, inclusive, less any sickness and accident paid over the same period and to continue upon submission of appropriate medical proof of temporary total disability.
 {¶ 9} 3. The record contains a letter dated October 14, 2004 from Hynes' Human Resources Manager David S. Kubas to relator:
 As you are aware, you were recently awarded Temporary Total Compensation by the Industrial Commission of Ohio in the amount $22,990.00 for the period of September 10, 2003 through October 31, 2004. During this same period, you collected $15,737.70 in pension payments from the Company.
 In accordance with the Labor Agreement[,] disability payments pursuant to Workers' Compensation shall be deducted or charged against a participant's pension payments. Accordingly, the $15,737.70 pension over payment will be deducted from the Workers' Compensation award. Additionally, your monthly pension of $1,145.12 will be suspended as of November 1, 2004. You are only entitled to Temporary Total Compensation disability payments in accordance with the Labor Agreement. Your monthly pension will resume when Temporary Total Compensation disability payments end.
 {¶ 10} 4. On October 14, 2004, Hynes moved the commission as follows:
 NOW, comes the Self-Insured Employer, by and through its third party administrator, respectfully requesting an Industrial *Page 6 
Commission hearing on the issue of "clarification on payment of temporary total disability benefits with respect to deducting the Monthly Pension Payments received from Hynes Industries." * * *
(Emphasis sic.)
 {¶ 11} 5. On or about October 16, 2004, relator filed a civil action in the Mahoning County Court of Common Pleas ("Mahoning County action"). Relator named Hynes as the sole defendant. Relator's complaint in the Mahoning County action alleges:
 [One] That the Industrial Commission of Ohio awarded him in his claim L36544-22, compensation for temporary total disability from September 10, 2003 to May 12, 2004 and to continue upon the submission of medical proof;
 [Two] That the Defendant, Hynes Industries, Inc., a self-insurer, has deducted from his award the amount he has received from his company pension, dollar for dollar;
 [Three] That the Defendant will suspend future pension payments during the period he will continue to receive temporary total compensation;
 [Four] That the deductions from his workmen's compensation benefits and suspension of his pension benefits are in violation of the workmen's compensation laws and his company pension agreement[.] * * *
 {¶ 12} 6. Hynes answered the Mahoning County complaint.
 {¶ 13} 7. Apparently, the Mahoning County action remains pending under case No. 04CV-3637.
 {¶ 14} 8. Following a November 17, 2004 hearing, a DHO issued an order dismissing Hynes' October 14, 2004 motion on grounds that the commission lacked jurisdiction because of the pending Mahoning County action. *Page 7 
 {¶ 15} 9. Apparently, the DHO's order of November 17, 2004 was not administratively appealed.
 {¶ 16} 10. On September 22, 2005, relator moved the commission as follows:
 * * * That the employer be ordered to pay claimant T.T. compensation in amount of $15,737.70, which was awarded by the Commission and not paid by the employer.
 {¶ 17} 11. Following a March 13, 2006 hearing, a DHO issued an order denying relator's September 22, 2005 motion:
 Claimant's motion requests an order from the Industrial Commission directing that the self-insured employer pay temporary total disability compensation for the period from 09/23/2003 to 10/01/2004 inclusive. The District Hearing Officer finds that he does not have jurisdiction to adjudicate this request. The District Hearing Officer finds that he is barred by [the] doctrine of res judicata from addressing Claimant's entitlement to temporary total disability compensation for this period of time. Specifically, prior Staff Hearing Officer decision of 09/15/2004 ordered that temporary total disability compensation be paid for the period from 09/10/2003 through 05/12/2004 inclusive and continuing upon submission of appropriate medical evidence of ongoing disability. Claimant's counsel has stipulated at hearing that the self-insured employer paid temporary total disability compensation from 10/2004 to 04/06/2005 inclusive. The Claimant's counsel contends that the self-insured employer has wrongfully refused to pay temporary total disability compensation from 09/10/2003 to 10/2004.
 This District Hearing Officer finds that he is barred by the doctrine of res judicata from revisiting Claimant's entitlement to temporary total disability compensation for the period from 09/10/2003 to 10/2004. The prior Staff Hearing Officer decision of 09/15/2004 previously determined claimant's entitlement to temporary total disability compensation commencing 09/10/2003. This District Hearing Officer is barred from revisiting Claimant's entitlement to such compensation by the doctrine of res judicata. Accordingly, the District Hearing Officer finds that he does not have jurisdiction to adjudicate Claimant's request concerning this matter. *Page 8 
 {¶ 18} 12. Relator administratively appealed the DHO's order of March 13, 2006.
 {¶ 19} 13. Following an April 26, 2006 hearing, an SHO issued an order affirming the DHO's order of March 13, 2006:
 * * * [T]he Injured Worker's C-86 Motion filed 9/22/2005 is adjudicated as follows.
 The Staff Hearing Officer finds that there is no jurisdiction to consider the Injured Worker's request for payment of temporary total compensation from 9/10/2003 through 5/12/2004 and continuing as this period was paid by the 9/15/2004 Staff Hearing Officer order. The Staff Hearing Officer finds that reconsideration of this period is barred by the doctrine of Res Judicata.
(Emphasis sic.)
 {¶ 20} 14. On July 25, 2006, another SHO mailed an order refusing relator's administrative appeal from the SHO's order of April 26, 2006.
 {¶ 21} 15. On September 4, 2007, relator, Eugene R. Sharp, filed this mandamus action.
Conclusions of Law: {¶ 22} Because this action is, at best, premature, it is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 23} R.C. 4123.67 provides:
 Except as otherwise provided in sections 3119.80, 3119.81, 3121.02, 3121.03, and 3123.06 of the Revised Code, compensation before payment shall be exempt from all claims of creditors and from any attachment or execution, and shall be paid only to the employees or their dependents. * * *
 {¶ 24} Apparently, the motions filed by Hynes and relator raised the issue of R.C. 4123.67's applicability to Hynes' set-off of pension payments against the TTD award. *Page 9 
 {¶ 25} Relator's Mahoning County action asks the common pleas court to adjudicate the same question that was presented by Hynes in its October 14, 2004 motion and by relator in his September 22, 2005 motion.
 {¶ 26} In effect, relator's mandamus action asks this court to preempt a decision that may be forthcoming from the Mahoning County Court of Common Pleas.
 {¶ 27} Paragraph two of the syllabus of State ex rel. The First Natl.Bank, North Baltimore, Ohio v. Village of Botkins (1943),141 Ohio St. 437, states:
 Where prior actions, to which relator could be made a party and which involve the same subject matter as the instant action, are pending in another court having jurisdiction to grant full and adequate relief to all parties, a writ of mandamus will not be granted during the pendency of such prior actions.
 {¶ 28} Paragraph two of the syllabus of the First National Bank case has been followed by the Supreme Court of Ohio in more recent cases. SeeState ex rel. Huntington Ins. Agency, Inc. v. Duryee (1995),73 Ohio St.3d 530, 536; and State ex rel. Ney v. Governor of the State ofOhio (1991), 58 Ohio St.3d 602, 603.
 {¶ 29} In the magistrate's view, this court should decline relator's invitation to preempt the action that relator himself is pursuing in the Mahoning County Court of Common Pleas. Based on this analysis, the magistrate concludes that this mandamus action is, at best, premature. See State ex rel. Elyria Foundry Co. v. Indus. Comm. (1998),82 Ohio St.3d 88; and Lowe v. Bd. of Edn. of East Liverpool City SchoolDist., Columbiana App. No. 02 CO 76, 2003-Ohio-4887. *Page 10 
 {¶ 30} Accordingly, it is the magistrate's decision that this court deny relator's request for a writ of mandamus. *Page 1