JARUS, Appellant, v. ROBINSON, SUPT. OF INSURANCE, Appellee.

Common Pleas Court, Cuyahoga County.

No. 660,452.  Decided December 29, 1954.

George A. Nelson, Newburgh Heights, for appellant.

C. William O'Neill, Attorney General, Franklin A. Kropp, Asst. Attorney General, Columbus, for appellee.

(McNEILL, J., of the Van Wert County Common Pleas Court, sitting by designation in Cuyahoga County.)

## OPINION

By McNEILL, J.

In this case, the superintendent of insurance refused to renew an insurance license held by appellant. The denial was based on §3905.04 R. C. in that more than fifty-one per cent of appellant's business was so-called captive business.

The facts are not in dispute. Appellant is a real estate broker and is primarily engaged in the brokerage business and incidentally in the insurance business, and that more than fifty-one per cent of the property that he insures is upon real estate that he has acted as a broker, selling the insurance to the purchaser.

The statutes in question are §§3905.01 and 3905.04 R. C. The pertinent part of §3905.01 R. C. states, in regard to granting a license:

"it is not appointee's purpose or intention principally to solicit or place insurance on appointee's own property or that of relatives, employers, or employees or that for which they or the appointee is agent, custodian, vendor, bailee, trustee, or payee * * *."

Sec. 3905.04 R. C., on re-issuance, states:

"The superintendent of insurance shall refuse to grant any license applied for, shall refuse to renew, and shall revoke any license of or to any appointee, agent, solicitor, or foreign broker, when the superintendent is satisfied that the principal use of such license has been or is to procure, receive, or forward applications for insurance of any kind, other than life, or to solicit, place, or effect such insurance directly or indirectly upon or in connection with the property of such appointee, agent, foreign broker, or solicitor or that of relatives, employers, employees, or that for which they or the appointee, agent, foreign broker or solicitor are or is the agent, custodian, vendor, bailee, trustee, or payee, or to evade or violate §3933.01 R. C."

The only question of interpretation is that of question of law. As applied to this case, the court feels that the statute should read that; the superintendent of insurance shall not renew any license when the superintendent of insurance is satisfied that the person seeking the same will principally with such license solicit insurance, directly or indirectly, in connection with property for which the one seeking the license is an agent, custodian, vendor, bailee, trustee, or payee.

There is no doubt that a real estate broker is an agent of the vendor, in most cases, and in some cases, he is agent of the vendee. The

courts are replete with cases where he attempts to become the agent of both parties.

This being the case, it is impossible to see how appellant can escape the terms of the statute. It is admitted that the great bulk of his insurance sales are on property which he sold as an agent. It is true that technically, he first sold and then placed the insurance on the property. The statute includes the words "directly or indirectly." The merits of the statute are not before the court, but under its terms, it is clear that appellant falls within its operation. In many real estate deals, financing is involved. One must have insurance to finance. Such transactions occur almost simultaneously. Whether or not this happens is immaterial. It is still semi-captive business.

A similar case has once been before the courts in **Motors Insurance Corp. v. Robinson, 62 Abs 58.** The opinion of the trial court in **62 Abs 72;** motion to certify overruled, **157 Oh St 354.** In that case the court said: (Emphasis ours.)

"It is the contention of plaintiffs that even should the statute be construed most unfavorably to them, that the restriction as to the insurance involving property for which certain named persons are vendors, **that it could refer only to the time that the named persons held the property either actually or theoretically and that as soon as the property was sold and the property belonged to the purchaser, the restriction no longer applies.**

"In other words it is desired to construe the restrictive provisions of the statute as relating to insurable interests of the licensees, their relatives, employers, etc.

"If this had been the intention of the legislature a great deal of trouble was indulged to express a simple purpose, and which could have been simply and directly stated.

"Nor can the court agree that the primary purpose of the legislative enactment was to further lessen the chances of rebating or the affording of unfair advantages to persons insured, and to accomplish this the legislature was narrowing still further the field of activity of the license."

At page 69, the court also stated:

"The purpose of the restriction was undoubtedly intended to prevent an unfair advantage in the placing of insurance and the licensing of persons who were not intending to do a general insurance business, but simply to supplement their primary business of selling automobiles."

This court is in agreement with the court in the case of Motors Insurance Corp. v. Robinson, supra. As held by the court therein, the technical matter of timing as to whether the other party owned the property at the exact moment the insurance was placed is immaterial.

The appellant in this case was the agent immediately prior to the sale. Thereafter, he has a semi-captive clientele and that is exactly what was attempted to be prohibited.

Therefore, it is the opinion of the court that the appeal from the judgment of the superintendent of insurance should be overruled.