INDEPENDENT INSURANCE AGENTS OF OHIO, INC., Appellant,

v.

DURYEE, Supt., et al., Appellees.

[Cite as *Indep. Ins. Agents of Ohio, Inc. v. Duryee* (1997), 123 Ohio App.3d 499.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APE03–382.

Decided Sept. 30, 1997.

*Kegler, Brown, Hill & Ritter, William J. Brown, Roger P. Sugarman* and *Robert G. Schuler,* for appellant.

*Betty D. Montgomery,* Attorney General, *Lawrence D. Pratt* and *Nancy K. Johnston,* Assistant Attorneys General, for appellee Ohio Department of Insurance.

*Shayne & Greenwald Co., L.P.A., Gary D. Greenwald* and *Thomas J. Rocco; Chester, Willcox & Saxbe* and *J. Craig Wright,* for appellee Tracir Property and Casualty Insurance Company.

*Whann & Associates, Keith E. Whann* and *Jay F. McKirahan,* for amicus curiae Ohio Automobile Dealers Association.

Bowman, Judge.

Appellee, Tracir Property and Casualty Insurance Agency, Inc. ("Tracir"), a company wholly owned by Rhett C. Ricart and Paul Fred Ricart, Jr., applied to the Ohio Department of Insurance for a license to sell property and casualty insurance. The Ricarts are also the majority shareholders of the Ricart Family of Companies, including the Ricart Automotive Group, Inc. ("Ricart Automotive"), which consists of several automobile dealerships. Tracir is operated by officers Carol Rowe as president and William C. Cook as secretary.

Appellant, Independent Insurance Agents of Ohio, Inc., filed a complaint, pursuant to R.C. 3905.04, with appellee, Superintendent of Insurance Harold T. Duryee, alleging that Tracir intended to use its insurance license for the purpose of violating Ohio's controlled-business statute. The superintendent found that no probable cause supported the complaint, dismissed it pursuant to R.C. 3905.04, and granted Tracir its license.

Pursuant to R.C. 3905.04, appellant filed an action in the Franklin County Court of Common Pleas, seeking declaratory and injunctive relief. The common pleas court granted appellant's motion for a temporary restraining order. The common pleas court then found that appellant had failed to sustain its burden of proving that Tracir would violate the statute and refused to grant a permanent injunction. Appellant has appealed and raises the following assignments of error:

"I. The trial court erred by failing to prospectively apply Ohio's 'controlled business statute' in order to determine Tracir's principal purpose for licensure and its proposed plan of business, as required by R.C. 3905.04.

"II. The trial court erred by failing to find that Tracir was merely an instrumentality of Rhett C. Ricart and Paul F. Ricart, Jr., and the *alter ego* of persons and entities precluded from receiving an insurance license in the State of Ohio.

"III. The trial court erred by denying IIAO's [Independent Insurance Agents of Ohio's] motion for preliminary and permanent injunctive relief."

The superintendent submitted cross-assignments of error as follows:

"1. The trial court erred by finding that the Ohio Department of Insurance was obligated to hold an administrative hearing under R.C. 3905.04 *before*, rather than after, it made a determination of whether there was probable cause to support the complaint.

"2. The trial court erred when it based its decision to deny relief to the IIAO [Independent Insurance Agents of Ohio] on grounds other than the lack of probable cause.

"3. The trial court erred when it failed to deny injunctive relief to the IIAO [Independent Insurance Agents of Ohio] on the grounds that it lacked jurisdiction to grant such relief."

R.C. 3905.01 and 3905.04 prohibit the licensing of an insurance agency for the sale of insurance other than life insurance when that agency's principal purpose is to place insurance on property it sells or for which it is the agent, custodian, bailee, trustee, or payee. R.C. 3905.04 provides as follows:

"The superintendent of insurance shall refuse to grant any license applied for, and shall revoke any license of or to any appointee, agent, solicitor, or foreign broker, when the superintendent is satisfied that the principal use of such license has been or is to procure, receive, or forward applications for insurance of any kind, other than life, or to solicit, place, or effect such insurance directly or indirectly upon or in connection with the property of such appointee, agent, foreign broker, or solicitor or that of relatives, employers, employees, or that for which they or the appointee, agent, foreign broker, or solicitor are or is agent, custodian, vendor, bailee, trustee, or payee, or to evade or violate section 3905.47, or 3933.01 of the Revised Code."

This section embodies the "principal purpose" test. The word "affiliate" is not included within those related entities that are prohibited from being licensed under the statute. Since the General Assembly has not set forth specific guidelines to determine the principal purpose, the superintendent utilizes the "fifty-one percent test," as outlined in Ohio Department of Insurance Bulletin 89–1, and applied by the court in *Jarus v. Robinson* (C.P. 1954), 71 Ohio Law Abs. 510, 133 N.E.2d 441. In *Jarus*, and as applied by the superintendent, while a variety of factors will be considered, a violation of the principal-purpose test will be presumed if the applicant's sales to persons within the statutorily prohibited classes constitute more than fifty-one percent of the total premium volume for any one year.

In the case of a new applicant, where there is no yearly data, the superintendent relies upon the affidavits of the principal officers of the applicant that the license will not be used to sell insurance in excess of the fifty-one percent in any one year to persons with which it has a prohibited relationship under R.C. 3905.04. In the absence of contrary evidence, the superintendent finds that the test has been met. Tracir was required to submit such a principal-purpose affidavit.

By the first assignment of error, appellant contends that the common pleas court erred by failing to prospectively apply Ohio's controlled-business statute in order to determine Tracir's principal purpose for licensure and its

proposed plan of business. However, there was no evidence submitted below that Tracir has or will violate the statute.

The common pleas court, in construing *Indep. Ins. Agents of Ohio, Inc. v. Fabe* (1992), 63 Ohio St.3d 310, 587 N.E.2d 814, found that the principal-purpose test is not applicable to applicants that are affiliates of a precluded entity unless the applicant is the alter ego of the precluded entity. The principal-purpose test does not apply to affiliated entities since the language of the statute is clear and unambiguous in its exclusion of "affiliate" from the enumerated relationships. Any change must be brought about by the legislature amending the statute. *Fabe*, at 314, 587 N.E.2d at 817.

Appellant's first assignment of error is overruled.

While R.C. 3905.04 does not prevent licensure because of the relationship of an applicant and an affiliated entity, a license may be denied or revoked if "the applicant is but the *alter ego* of the precluded affiliate." *Fabe*, at syllabus. Appellant contends, in its second assignment of error, that the common pleas court erred by failing to find that Tracir was merely an instrumentality of the Ricarts and the alter ego of persons and entities precluded from receiving an insurance license in the state of Ohio.

The Supreme Court has set forth the test for alter ego status in many cases, including the recent cases of *Fabe* and *State ex rel. Huntington Ins. Agency, Inc. v. Duryee* (1995), 73 Ohio St.3d 530, 653 N.E.2d 349. The determination relies upon *State ex rel. Johnson & Higgins Co. v. Safford* (1927), 117 Ohio St. 576, 159 N.E. 829, which requires a case-by-case determination. " 'Only where the specific facts of a given case indicate that the subsidiary is essentially the alter ego of its parent formed primarily for the purpose of circumventing state law, will the court disregard the corporate fiction in order to give effect to the statutory purpose and intent.' " *Fabe, supra*, at 315, 587 N.E.2d at 818, quoting the court of appeals.

In this case, the Ricarts are the sole shareholders of Tracir, as well as the shareholders of Ricart Automotive. Ricart Automotive is not a shareholder of Tracir. The Ricarts employed other individuals as the president and secretary of Tracir. The common pleas court found that no evidence indicated that the Ricarts have any control over the daily operations of Tracir, nor does Ricart Automotive. There was no commingling of funds, and the books of Tracir will not be included in the books of Ricart Automotive. The president of Tracir testified that she and the secretary have the sole authority to distribute Tracir funds. Thus, the alter ego rule does not apply as to Tracir and the Ricarts.

Even if Tracir was the alter ego of Ricart Automotive, appellant has failed to demonstrate that Tracir will use its license in violation of the principal-purpose

test by placing more than fifty-one percent of its insurance upon the automobiles and products sold by the Ricart-affiliated dealerships. The president of Tracir testified that the bulk of Tracir's initial business will be generated from sales to customers of Ricart-affiliated dealerships, but only if a customer expressed interest in purchasing such insurance, and she does not expect that Ricart will remain the source of the bulk of Tracir's business. The secretary of Tracir testified that Tracir intends to acquire other independent insurance agencies, which will ensure that Tracir complies with the fifty-one percent requirement. Thus, in the absence of evidence that Tracir has violated or intends to violate the law, the common pleas court did not err in finding that Tracir complies with the standards for a license.

Appellant's second assignments of error is not well taken.

By the third assignment of error, appellant contends that the common pleas court erred by denying appellant's motion for preliminary and permanent injunctive relief. Since the common pleas court found that Tracir was entitled to its license, appellant was not entitled to injunctive relief. Appellant's third assignment of error is not well taken.

The superintendent filed three cross-assignments of error in his brief to this court. Since the superintendent did not file a notice of appeal, these assignments of error need only be addressed if the judgment of the common pleas court were otherwise to be reversed. Since we are affirming the judgment of the common pleas court, we need not address the superintendent's assignments of error.

For the foregoing reasons, appellant's three assignments of error are over-ruled, the superintendent's assignments of error are moot, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DESHLER and REILLY, JJ., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.