THE STATE, EX REL. PANZICA ET AL., *v.* VILLAGE OF MAYFIELD ET AL.

(No. 37403—Decided October 6, 1977.)

*Mr. Jules N. Koach,* for relators

*Mr. Ronald L. Tonidandel* and *Mr. Paul C. Morrison,* for respondents.

DAY, C. J. A brief review of the background of *Myotte* v. *Village of Mayfield*, — Ohio App. 2d — (No. 36444 on appeal in this court) is necessary to an understanding of the disposition of the present case. In *Myotte*, the trial court issued a corrected judgment entry enjoining the village building commissioner—

"* * * from the issuance of further building permits for construction in the Mt. Vernon Industrial Park, Beta Drive, and * * * to cancel such building permits heretofore issued wherein construction has not been commenced in said industrial park.

"The Court finds further that said injunction and order remain in effect until provision is made for adequate disposal of storm waters as will not cause damages from waters wrongfully discharged upon the lower properties situated north of said industrial park."

There were two watersheds in the park. Only one was involved with the flooding. On motion the injunction was modified to confine its reach to that watershed from which run-off was causing a problem.

While the appeal in *Myotte* was pending here,[1] the relator filed an original action in mandamus asking this court to command the village and several of its individual officials (respondents):

"* * * to perform the duty of making immediate provision for the adequate disposal of storm waters as ordered by the Court of Common Pleas, in order that the court's injunction might be dissolved and the relators issued building permits, * * *."

The immediate issue is whether mandamus will lie to compel compliance with a court order before the appellate process has been exhausted.[2] We hold that mandamus does not lie. The petition will be dismissed.

I.

Recourse to mandamus is proper when an official re-

---

[1] At the time this opinion was written *Myotte* had been argued but had not been decided.

[2] After exhaustion, real problems will still exist. It is by no means clear that mandamus is the appropriate vehicle for the enforcement of a final court order. Adequate legal remedies are available for that.

fuses to perform a nondiscretionary ministerial act, *State, ex rel. Cash,* v. *Rose* (1939), 136 Ohio St. 143, 147. Mandamus is also appropriate *not* to control discretion but to compel its exercise:

"Mandamus will not lie to control judicial discretion or the judicial determination of an issue by an inferior court, but it will lie to compel the exercise of such discretion and the exercise of judicial functions conferred by law upon such inferior tribunals." *State, ex rel. Tailford* v. *Bristline* (1917), 96 Ohio St. 581, 581-582. See also R. C. 2731.03.

While both *Rose* and *Bristline* involved efforts aimed at courts, the principles announced in those cases are generic. Another generic judgment is that mandamus is not available if there is an adequate remedy at law, R. C. 2731.05.

## II.

At the very least the petition for the writ is premature. There is no sure nondiscretionary duty for the village and its surrogates to perform nor any discretion for them to exercise until the appeals are concluded. Following whatever utilization is made of the range of appeals available to the respondents in the *Myotte* case, assuming affirmance, the time will have ripened for the consideration of the propriety of mandamus to relieve relators or other persons similarly situated.

*Petition dismissed.*

STILLMAN and KRUPANSKY, JJ., concur.