Defendant, Joseph M. Pogoloff, has filed a document entitled "COMPLAINT IN MANDAMUS" in this court. In the body of the document, he asks for an order from this court requiring the Lucas County Court of Common Pleas, Domestic Relations Division, to enter judgment terminating his obligation to pay spousal support, in accordance with a decision and judgment entry journalized by this court on July 18, 1997. However, the caption on his document does not include the Lucas County Court of Common Pleas, Domestic Relations Division, or any of its judges or magistrates as parties in this action. The caption on his request for mandamus reads:
 "DORIS R. POGOLOFF
4029 W. Bancroft Street Toledo, Ohio 43609 SSN: 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 DOB: 2/10/37 Plaintiff "v. "JOSEPH M. POGOLOFF
c/o Attorney Paul D. Giha 1400 Fifth Third Center 608 Madison Avenue Toledo, Ohio 43604 SSN: 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 DOB: 7/26/32 Defendant"
For the following reasons, this court finds defendant's "complaint for mandamus" to be legally insufficient.
As this court has previously noted, the civil rules, to the extent that they are applicable, govern mandamus actions.State ex rel. Cosmos Broadcasting Corp., D.B.A. WTOL-TV Toledo 11v. Brown (1984), 14 Ohio App.3d 376, 378; see, also, 6th Dist. Loc.App.R. 6. Civ.R. 10 specifies:
 "(A) Caption; names of parties. Every pleading shall contain a caption setting forth the name of the court, the title of the action, the case number, and a designation as in Rule 7(A). In the complaint the title of the action shall include the names and addresses of all the parties, but in other pleadings it is sufficient to state the name of the first party on each side with an appropriate indication of other parties."
The caption on the document now under review does not comply with Civ.R. 10. While the body of the complaint includes a request for a mandamus order to be issued against the Lucas County Court of Common Pleas, Domestic Relations Division, the caption does not list the court or any judge or magistrate of the court as the respondent to the petition for a writ of mandamus. See R.C.2731.01. Instead, the caption lists Doris R. Pogoloff as a party, even though she is not subject to an order from this court in mandamus. See Id. Pursuant to Civ.R. 10, only real parties in interest must be named in the caption.
Because neither the court nor any of its judges or magistrates is listed as a respondent in the caption, defendant's document also fails to comply with the requirements of Civ.R. 10 that the address of the party be included in the caption and with the requirements of R.C. 2731.08 regarding service of a petition for a writ of mandamus.
The Supreme Court of Ohio has ruled that failure to bring a mandamus action in the name of the state on the relation of the person requesting the writ as required by R.C. 2731.04
(State ex rel. John Doe) is sufficient grounds to deny the application for the writ. See State ex rel. Huntington Ins.Agency v. Duryee (1995), 73 Ohio St.3d 530, 532; see also R.C.2731.04; Whiteside, Ohio Appellate Practice (1998), 184-187, T 10.21 — T 10.29. The caption on defendant's document in this case does not identify the case as State ex rel. Joseph M. Pogoloff, relator.
For the foregoing reasons, the "complaint in mandamus" filed by defendant is legally insufficient and it is ordered dismissed at Joseph M. Pogoloff's costs.
Peter M. Handwork, P.J.
 Melvin L. Resnick, J.
 Richard W. Knepper, J.
CONCUR.