This original action in mandamus involves an allegation by relator that respondents have denied relator's request for the names and addresses of all Mahoning County employees and for the names and addresses of all Austintown Township employees, in violation of R.C. 149.43, Ohio's Public Records Act. Since the original petition was filed relator has advised this court that Mahoning County has provided the requested information.
Respondent, in his answer and motion to dismiss, alleged that: relator has failed to state a claim upon which relief can be granted; relator has failed to name a necessary party (the Township clerk); that relator was in violation of R.C. 2731.04
(Mandamus) in that relator failed in his Petition for Writ of mandamus to file, "in the name of the State on the relation of the person applying," and relator did not verify the petition by affidavit; and finally, that respondents have performed, "less the redaction of the names and addresses of any employees objecting under the standard established under Kallstrom v.City of Columbus (C.A.6, 1998), 136 F.3d 1055."
For a writ of mandamus to be granted, the relator must demonstrate: (1) that the relator has no plain and adequate remedy in the ordinary course of law; (2) that the respondent is under a clear legal duty to perform some act or acts; and (3) that relator has a clear legal right to the relief prayed for. See State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28.
Ohio's Public Records Act requires the State to make available all public records to any person, Ohio Rev. Code Ann. § 149.43(B) (Banks Baldwin 1997), unless the record falls within one of the statute's enumerated exceptions. SeeKallstrom, supra at 1064. This statute also states that mandamus is the proper action to be commenced to "obtain a judgment that orders the government unit or the person responsible for the public record to comply with division (B) of this section." R.C. 149.43 is to be construed liberally in favor of broad access, and any doubt is to be resolved in favor of disclosure of public records. State ex rel. CincinnatiEnquirer v. Hamilton Cty. (1996), 75 Ohio St.3d 374.
Respondents' allegation that relator has failed to state a claim upon which relief can be granted is in error. Relator has filed this mandamus action alleging that he requested the above information under R.C. 149.43. He has also in his request for relief, requested that this court order the respondents to provide the requested material. Clearly, relator is claiming that he did not receive the requested information.
Respondent next states that relator failed to name a necessary party when he did not file against the township clerk. Respondent is in error. R.C. 149.43(C) specifically states that action may be commenced, "to order a judgment that orders the government unit or the person responsible for the public record to comply." (emphasis added). In relator's Response to Respondents' Motion to Dismiss he has attached a letter from the Austintown Township Administrator who was responding to the relator's request.
Respondents' allegation that relator's petition for writ of mandamus must be denied since the petition failed to comply with R.C. 2731.04 in that relator failed to verify his petition by affidavit is in error. The verification requirements contained in R.C. 2731.04 have been displaced by Civ.R. 11. SeeState ex rel. Madison v. Cotner (1981), 66 Ohio St.2d 448. The requirement in R.C. 2731.04 that an application for a writ of mandamus be verified by an affidavit is no longer applicable.State ex rel. Millington v. Weir (1978), 60 Ohio App.2d 348.
Respondents' next allegation that they have performed, "less the redaction of the names and addresses of any employees' objecting under the standard established under Kallstrom,supra" is also in error. Kallstrom's holding is much narrower than respondents reading of that case. Kallstrom is limited to those government employees where the release of personal information would endanger those employees or their immediate families, and violate their Fourteenth Amendment due process rights. Kallstrom involved "undercover" police officers, whose identity, addresses, and telephone numbers, and other personal data, along with that of their families and relatives, was requested by defense attorneys who were representing an alleged violent drug gang.
There is a compelling state interest in citizens being able to receive as much information as possible concerning their government's employees, records and actions.
The respondents (County and Township) may only redact that information relating to those employees where they can show by a preponderance of the evidence that any release of information would endanger said employees or their families. This redaction should involve a balancing of the employees' Fourteenth Amendment privacy rights against the state's interest. SeeKallstrom, supra.
In this case, not all police and firemen would be endangered by the release of their names and addresses. Certainly not all other employees of the County and Township who asked that their names be redacted would be endangered by that information being divulged. A specific danger should be enumerated before any redaction.
Although respondent was in error concerning his allegation that under R.C. 2731.04 that verification by the relator is required, he is correct in his allegation that an application for a writ of mandamus must be brought in the name of the State on the relation of the person applying for the writ. SeeOrt v. Hutchinson (1961), 14 Ohio App. 251, Maloney v. Court ofCommon Pleas of Allen County (1962), 173 Ohio St. 226, and RomeRock Assn., Inc. v. Warsing (Mar. 1, 1991), Ashtabula App. No. 90-A-1565, unreported.
In dismissing a mandamus complaint seeking a copy of a police report from the Custodian of Records for Lakewood Police Department, the Ohio Supreme Court stated in Litigaide, Inc. v.Custodian of Records for Lakewood Police Dept. (1996), 75 Ohio St.3d 508
:
 "Litigaide's action is subject to dismissal for the following reasons. Litigaide failed to comply with R.C. 2731.04 because its complaint was not brought in the name of the state on relation of Litigaide. Respondent raised this objection in its answer and brief on the merits, but Litigaide failed to seek leave to amend its complaint to comply with R.C. 2731.04. Therefore, Litigaide's mandamus action must be dismissed. See State ex rel. Huntington Ins. Agency, Inc. v. Duryee (1995), 73 Ohio St.3d 530, 532-533, 653 N.E.2d 349, 352-353; Civ.R. 17(A) Maloney v. Sacks (1962), 173 Ohio St. 237, 238, 19 O.O.2d 51, 52, 181 N.E.2d 268, 269."
Failure of relator to bring this complaint in the name of the state on the relation of John A. Paulette is a fatal deficiency. By prior decisions of the Ohio Supreme Court we are compelled to dismiss this petition.
For the sole reason that relator's petition was not filed in the name of the State, this Petition for Writ of Mandamus is dismissed.
Relator's Motion to Dismiss is granted.
Costs taxed against relator.
Final order. Clerk to serve copy on the parties pursuant to the Civil Rules.
 ____________________ HON. EDWARD A. COX
 ____________________ HON. GENE DONOFRIO
 _____________________ HON. CHERYL L. WAITE