OPINION and JOURNAL ENTRY
{¶ 1} This cause is before this Court on a Complaint for Writ of Mandamus filed by Relator on March 13, 2002, seeking an order to compel Respondent, Sheriff of Mahoning County, Ohio, to complete Relator's Application for a Disability Benefit Report by Employer. Relator asserts that despite repeated requests to complete the employer's portion of the application, Respondent has refused to perform this ministerial act.
 {¶ 2} On April 18, 2002, Respondent filed an Answer acknowledging discussions about Relator's paperwork but defending on the basis that Relator failed to provide necessary requested information to complete the application. Respondent also claimed Relator has failed to exhaust his administrative remedies and that he is otherwise not entitled to the extraordinary remedy of mandamus.
 {¶ 3} On July 3, 2002, Relator filed a motion for summary judgment and on August 16, 2002 Respondent filed its own motion for summary judgment. Finally, on August 29, 2002, Relator filed a response to the Respondent's motion for summary judgment.
 {¶ 4} As a general principle of law, in order to grant a writ of mandamus, a court must find that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that the relator has no plain and adequate remedy at law. State ex rel. Hodges v. Taft (1992), 64 Ohio St.3d 1, at 3, citing to State ex rel. Harris v. Rhodes (1978), 54 Ohio St.2d 41,374 N.E.2d 641.
 {¶ 5} Respondent offers that it has no clear legal duty to complete the application. Respondent contends that the applicable questions require him to determine whether the alleged disabling condition was work related and whether Relator is permanently incapacitated from performing his duties and in making these determinations he is required to exercise his judgment, not merely perform a ministerial act.
 {¶ 6} The questions on the Application read as follows:
 {¶ 7} "3. Answer this question only if the member is a law enforcement officer. Is the disabling condition the result of an on-duty injury or illness (injury or illness that occurred during or resulted from performance of duties under the direct supervision of a member's appointing authority)? Yes ___ or No ___ If yes, explain ___.
 {¶ 8} "4. Do you believe the applicant is permanently incapacitated for the performance of his/her duties? Yes ___ or No ___ If yes, state the basis of your opinion ___."
 {¶ 9} Respondent suggests that in order for him to intelligently provide answers to the above questions, it is imperative for Relator to provide requested medical records which have not been forthcoming.
 {¶ 10} Relator responds that the PERS Board will not consider an application for disability retirement without the employer's report. (Affidavit of Kerry Karner attached to Relator's motion for summary judgment). Furthermore, Respondent has unlimited access to the Relator's worker's compensation file, which is the basis for the disability retirement. Moreover, Relator asserts through an affidavit attached to his August 29, 2002 response to the Respondent's motion for summary judgment that "Sheriff Randall Wellington has never contacted me and asked me for medical documentation regarding my application for PERS disability retirement." (Para. 8). Relator further states that Respondent is completely aware of Relator's medical condition since he was actively involved in monitoring his worker's compensation claim when he applied for injured on duty pay. Respondent contends through his own affidavit that despite repeated requests to do so, Relator has failed to produce any and all documentation regarding his disability. (Wellington Affidavit, Para. 7). Respondent does not address the fact that he has access to medical information already on file in Relator's worker's compensation or injured on duty files.
 {¶ 11} Relator has provided sufficient evidence demonstrating that there is no genuine issue of fact and he is entitled to summary judgment. Completion of the application is an integral part of the process and it is essential that the employer complete its part of the application. The employer may exercise its discretion in the manner in which it responds, but it may not avoid its responsibility to respond at all. Moreover, if Respondent believes he is not in possession of sufficient information to make such judgment, that should be expressed on the form. The final decision whether Relator will receive a disability pension will be made by the retirement board after an examination of not only that report, but more importantly, the reports of attending physicians, examining physicians and the retirement system's medical consultant. O.A.C. 145-11-01(B)(2). The process remains in limbo until the employer returns the report. Failure or refusal of the employer essentially means that an employee is stranded in the process with no available alternative means to move the process his or herself. Thus, we do not find Respondent's argument that Relator has access to a declaratory judgment proceeding to be persuasive.
 {¶ 12} Mandamus cannot be used to control the exercise of discretion, but it can be issued to exercise it when there is a clear legal duty to do so. State ex rel. Hodges v. Taft (1992), 64 Ohio St.3d 1. Relator herein has established a proper claim for mandamus, as he has a beneficial interest in the Respondent performing the requested act.Hodges, supra. We further find that mandamus is the appropriate remedy under the facts of this case, as no other remedy would be complete, beneficial and speedy. State ex rel. Huntington Ins. Agency Inc. v.Duryee (1995), 73 Ohio St.3d 530, 536, 653 N.E.2d 349, 355. The Duryee
court found that a pending declaratory judgment action was not an adequate remedy at law and that mandamus would issue to compel the Superintendent of Insurance to act on an application for licensure as an other-than-life insurance agent. The court found that a clear legal duty existed to act on the application. The Duryee analysis is applicable to this case as well. Respondent has a clear duty to complete his portion of the application.
 {¶ 13} As regards the questions themselves, Respondent is merely required to offer his opinion as to whether the applicant is permanently incapacitated for the performance of his duties due to a work related injury. While Respondent has proceeded in reasonable fashion in seeking out medical information in order to formulate an opinion on the permanency of incapacity, at some point it becomes unreasonable not to utilize the information readily available in the worker's compensation and injured on duty files and to delay for one year in completing the employer's report. (Submitted to the employer on August 10, 2001). Thus, while Relator cannot force Respondent to answer the questions in a certain manner, Respondent cannot avoid responsibility for completing the paperwork altogether.
 {¶ 14} Based on the pleadings and evidence before this Court, we find that Relator is entitled to summary judgment. A writ is hereby issued compelling Respondent, Sheriff Randall Wellington to complete the "Report by Employer" and forward it to the PERS.
 {¶ 15} Costs of this proceeding taxed against Respondent. Each party to pay its own counsel fees.
 {¶ 16} Final order. Clerk to serve notice on the parties as provided by the civil rules.
Vukovich, Waite and DeGenaro, JJ., concur.