OPINION AND JOURNAL ENTRY.
{¶ 1} We are presented with respondents' motion to dismiss or in the alternative motion to stay this case, which arises out of a petition for a writ of mandamus. For the following reasons, we choose to dismiss this action rather than stay it for an indefinite period.
 {¶ 2} Petitioner Donald A. Lowe was the superintendent of East Liverpool Schools. He entered a two-year contract with the schools beginning on August 1, 2000 and ending on July 31, 2002. Pursuant to R.C. 3319.01, Lowe's contract would automatically renew for one year unless, by March 1, 2002, the Board of Education either reemployed him or gave him written notice that his contract has been non-renewed. On February 27, 2002, Respondents Board of Education and its president held an emergency meeting at which they passed a resolution to not renew Lowe's employment contract.
 {¶ 3} On June 12, 2002, Board Member Richard Wolf filed an action for injunctive and declaratory relief in the Columbiana County Common Pleas Court against the Board. On December 16, 2002, the trial court released its decision granting summary judgment in favor of Wolf and enjoining the Board from implementing any action taken with respect to any resolution adopted or any subsequent resolution adopted as a result of discussions held on any matter during its meetings of February 27, March 5, and April 5, 2002.
 {¶ 4} The trial court found that the Board held regularly scheduled meetings on February 11 and 25, 2002. The court noted that the president did not attend the latter meeting and the next day, called a special meeting to be held on February 27. The court held that R.C. 3313.16
requires the calling of a special meeting to be accompanied by written notice to Board members of the time and place of the meeting at least two days prior to the meeting and this notice must be signed by a board official or two board members. It is undisputed that written notice was not given to any Board member. The court thus concluded that any action taken at the February 27 meeting was null and void. The court applied this same reasoning to a meeting held on March 5, 2002 and declared all resolutions adopted at that meeting to be null and void. The trial court then held that all actions taken at the April 5, 2002 meeting were null and void because notice to the public/news media was not properly provided. Finally, the court refused to nullify a March 13, 2002 regular board meeting and executive session because the court could not find any action taken at said meeting to be related to the nullified meetings; however, the court did say that if any action was taken at the March 13 meeting as a result of the three special meetings, that action is also null and void.
 {¶ 5} The Board filed timely notice of appeal on January 14, 2003, resulting in case number 03CO05. The appellant's brief was filed in that case on May 13, 2003, and the appellee's brief was filed on August 11, 2003.
 {¶ 6} In the meantime, on December 26, 2002, ten days after the trial court's judgment entry enjoining the Board from enforcing its resolutions, Lowe filed a complaint in mandamus in this court, resulting in the present case number 2002CO76. This complaint revolves around the trial court's December 16, 2002 injunction. Lowe notes the following: the Board's actions were declared void and unenforceable; thus, his contract was not non-renewed before March 1, 2002; and thus, he became automatically reemployed for a one-year period. He concludes by asking this court for reinstatement, back pay from August 1, 2002 until the date of reinstatement, salary from the date of reinstatement until July 31, 2003, which would be the end of an additional one year term, and accumulated vacation and sick pay.
 {¶ 7} On February 5, 2003, respondents filed an answer. On March 12, 2003, we set a ninety-day discovery schedule with a subsequent thirty days for petitioner to file for summary judgment. On July 8, 2003, petitioner filed for an extension of his summary judgment deadline; this court has not yet responded to such request. Before considering this request, we must act on respondents' pending motion. Specifically, on July 14, 2003, respondents filed a motion for judgment on the pleadings asking that we dismiss the complaint in mandamus or in the alternative stay this mandamus action pending resolution of case number 03CO05.
 {¶ 8} First, respondents argue that this action should be dismissed because petitioner did not bring the action in the name of the State of Ohio as per R.C. 2731.04. In response to this contention, petitioner filed a motion for leave to file an amended complaint on July 29, 2003 to add State ex rel. to the case caption. Petitioner notes that Civ.R. 15(A) allows amendment by leave of court and provides that leave of court shall be freely given when justice so requires. Petitioner also points to Civ.R. 17, which allows for joinder when a party asks for dismissal based on the action not being prosecuted in the name of the real party in interest. Finally, petitioner cites an Ohio Supreme Court case, which allowed amendment of a complaint in a similar situation and set forth policy reasons for a liberal amendment philosophy where the petitioner forgets to put State ex rel. in the case caption. State exrel. Huntington Ins. Agency, Inc. v. Duryee (1995), 73 Ohio St.3d 530,532-533. In compliance with the rationale of this Supreme Court case, we would allow petitioner herein to amend his complaint to add State ex rel. to the caption. However, we need not do so as this court is granting respondents' motion to dismiss on the grounds reviewed below.
 {¶ 9} Respondents next argue that this mandamus action should be dismissed because, given the uncertain resolution of the Wolf case pending in this court, the mandamus action is premature or not ripe and thus Lowe cannot presently show the Board has a clear legal duty or that he has a clear legal right. Respondents cite an appellate case and a Supreme Court case in support of their position to dismiss the case. As an alternative to dismissal, respondents argue that at least, the mandamus action should be stayed pending our decision in case number 03CO05.
 {¶ 10} Before addressing the cases, which purport to support dismissal, we note respondents' other claim that Lowe essentially conceded to respondents' arguments when he failed to respond to their answer, which contained a general outline of its affirmative defenses. To support this contention, respondents rely on this court's March 12, 2003 judgment entry, which gave Lowe time to respond to the defenses presented in the answer. Nevertheless, there is no requirement that a petitioner respond to an answer. No motion to dismiss was filed in conjunction with the answer. Rather, the motion to dismiss was filed later. As such, this argument is overruled.
 {¶ 11} Returning to the crux of respondents' argument in support of dismissal, we shall review the relevant case law. The Eighth Appellate District had a direct appeal pending from a case where the trial court enjoined the village building commissioner from issuing building permits until adequate storm water drainage was provided. State ex rel. Panzicav. Village of Mayfield (1977), 54 Ohio App.2d 68, 69 (referring to its case of Myotte v. Village of Mayfield, 8th Dist. No. 36444). While that appeal was pending, a complaint in mandamus was filed asking the Eighth District to command the village and its officers to immediately provide adequate drainage as ordered in the trial court's prior injunction. Id. The court framed the issue as "whether mandamus will lie to compel compliance with a court order before the appellate process has been exhausted." Id. After making some pronouncements of law, the court held that the petition for the writ was premature and would not ripen until the appeals in Myotte were concluded. Id. at 70.
 {¶ 12} More recently, the Ohio Supreme Court was faced with a case where a claimant's temporary total disability claim was accepted and affirmed throughout the administrative appeals. State ex rel. ElyriaFoundry Co. v. Indus. Comm. (1998), 82 Ohio St.3d 88. The employer filed an appeal in the common pleas court and a complaint for a writ of mandamus in the Tenth Appellate District. Id. The Tenth District denied the writ after finding that the employer had an adequate remedy at law. Id. The Supreme Court affirmed the denial of the writ but on other grounds. Id. at 89. Specifically, the Supreme Court declared that the mandamus action lacked ripeness. Id. The Court reasoned that the allowance of the entire claim is in dispute and thus the issue presented in the mandamus action was inappropriate for review in mandamus at thattime. Id.
 {¶ 13} In conclusion, we follow the rationale and holding in the Supreme Court's Elyria Foundry case. Because we cannot reach the merits of the writ at this time, this court grants respondents' motion to dismiss and hereby dismisses petitioner's mandamus action for lack of ripeness at this present time.
 {¶ 14} For the foregoing reasons, this action is dismissed. Costs taxed against petitioner. Final order. Clerk to serve notice as provided by the Civil Rules.
WAITE, P.J., VUKOVICH and DeGENARO, JJ., concur.