{¶ 8} In their briefs, the parties address the merits of the court's decision denying the writ of mandamus. The parties do not raise the issue of the procedural defect in the complaint, i.e., the improper caption. The opinion, however, sua sponte raises the issue and dismisses the appeal on this basis. I disagree with this approach because the defect is not jurisdictional.
 {¶ 9} R.C. 2731.04 states that "[a]pplication for a writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit." A writ of mandamus may be denied where the action is not brought in the name of the state on the relation of the person requesting the writ. State ex rel. HuntingtonIns. Agency, Inc. v. Duryee (1995), 73 Ohio St.3d 530, 532. Recently, inBlankenship v. Blackwell (2004), 103 Ohio St.3d 567, 574, the Supreme Court of Ohio noted: "[W]hen a failure to comply with R.C. 2731.04 is raised and relators filed a motion for leave to amend the caption of the complaint to specify that the mandamus action is brought in the name of the state on their relation, we have granted leave to amend so as to resolve the case on the merits rather than on a pleading deficiency. If, however, a respondent in a mandamus action raises this R.C. 2731.04
defect and relators fail to seek leave to amend their complaint to comply with R.C. 2731.04, the mandamus action must be dismissed." (Internal citations omitted.) And while the Supreme Court of Ohio decidedBlankenship after the trial court issued its decision in this case, the Court had held essentially the same thing on other occasions. See, e.g.,Litigaide, Inc. v. Custodian of Records for Lakewood Police Dept.
(1996), 75 Ohio St.3d 508.
 {¶ 10} Here, the city raised the issue of Bethel's failure to comply with the requirements of R.C. 2731.04 in its trial brief. Although the city raised the issue, Bethel did not move to amend the caption of his complaint. Thus, under the authority cited above, the trial court should have dismissed the mandamus action. See, e.g., Litigaide. However, the city has not filed a cross-assignment of error raising this issue. In fact, neither party even mentions the R.C. 2731.04 defect on appeal.
 {¶ 11} The question before us is whether we must sua sponte dismiss the appeal of a mandamus action as a result of Bethel's failure to caption the case in the name of the state. It's important to note thatBlankenship, Litigaide, and Duryee were all original actions; whereas, this case is a direct appeal. Thus, those decisions do not answer the question presented here.
 {¶ 12} In Gallia Cty. Veterans Serv. Comm. V. Gallia Cty. Bd. of Cty.Commrs. (March 6, 1996), Gallia App. No. 95CA13, we addressed whether the failure to caption a mandamus action in the name of the state is a jurisdictional defect or a waivable defect. In that case, the appellant did not object to the failure to comply with R.C. 2731.04 in the trial court. Nor did they assign it as error on appeal. After considering the issue, we concluded that the defect is not jurisdictional. Rather, we concluded that any error in failing to bring a mandamus action in the name of the state can be waived. See, also, Peterbilt of Northwest Ohiov. Caltrider, Hancock App. No. 5-99-42, 2000-Ohio-1616; Smithberger v.Woodsfield (June 10, 1983), Monroe App. No. 565.
 {¶ 13} In the present case, the city did object to the defect in the trial court. Thus, they preserved any error for appeal. However, they have not asserted this defect as an alternative basis for affirming the trial court in a cross-assignment of error. Since the defect is not jurisdictional and it is only procedural, I see no reason for this court to sua sponte raise the issue and dismiss the action. Instead, I would address the merits of the parties' arguments.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that the Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, P.J.: Concurs in Judgment only.
Harsha, J.: Dissents with Dissenting Opinion.