Hendon, Judge,
concurring in part and dissenting in part.
{¶ 29} I dissent from only the majority’s decision to reverse the trial court’s grant of summary judgment under the recreational-user immunity statute, R.C. 1533.181.
{¶ 30} The village asserts that it preserved the affirmative defense of recreational-user immunity in its answer through the assertion that the “[pjlaintiffs claims are precluded by virtue of the immunity provided by O.R.C. §§ 2744.01 et seq., and all other applicable statutory immunity.” I agree.
{¶ 31} The majority correctly states that the failure to raise an affirmative defense in the pleadings or in an amendment to those pleadings results in a waiver of that defense. But a party need not plead a defense with great specificity; rather, it is sufficient to plead in generic terms.[30]
*160 {¶ 32} This principle is illustrated in Gallagher v. Cleveland Browns Football Co.[31] In Gallagher, the defendant had raised the defense of assumption of the risk in its answer. Following a jury verdict, in a motion for judgment notwithstanding the verdict, the defendant attempted to raise the related defense of primary assumption of the risk. The Ohio Supreme Court ultimately held that the defendant had waived the defense of primary assumption of the risk by not raising it any time prior to trial.[32] But notably, the court further held that by raising “assumption of risk” as an affirmative defense in its answer, the defendant had initially preserved the defense of primary assumption of the risk and that had the defendant raised that defense at any point in the litigation prior to trial, it would not have been waived. The court specifically stated, “[W]e must acknowledge that Civ.R. 8(C) simply requires a party to put forth ‘assumption of the risk’ as an affirmative defense without taking into account the significant distinction between primary and secondary assumption of risk.”[33] The court distinguished this situation from the more common situation in which a defendant fails to raise an affirmative defense in its answer.[34]
{¶ 33} Furthermore, in Reed v. Multi-Cty. Juvenile Sys., the Seventh Appellate District held that a failure to cite a specific statute did not constitute an automatic waiver of a defense contained in that statute, because “[wjaiver for that reason alone would dispose of the case on a technicality rather than on its merits.”[35] Because the facts of Reed are not analogous, I discuss them generieally. In Reed, the plaintiff had filed suit against a juvenile detention facility and its employees. In its answer, the detention facility argued that it was entitled to governmental immunity under R.C. 2744.01(C). But the answer failed to raise an immunity claim under R.C. 2744.03(A)(6) with respect to its employees. In a motion for summary judgment, the employees argued that they also were entitled to governmental immunity under this latter provision. The Seventh Appellate District ultimately determined that the employees had waived the defense of statutory immunity because they had failed to raise it in the answer.[36] But the court reached its conclusion based on the fact that the answer explicitly included the employees in certain defenses but not in others.[37] And had the answer not *161 otherwise distinguished between the detention facility and its employees, the pleading of immunity under R.C. 2744.01(C) would have encompassed immunity under R.C. 2744.03(A)(6).[38]
{¶ 34} Similar to Gallagher and Reed, in this case the affirmative defense of recreational-user immunity was generically raised in the defendant’s answer by the village’s reference to immunity under R.C. Chapter 2744 and all other types of statutory immunity. And unlike the Gallagher case, the issue was then raised again with specificity in a motion for summary judgment. I cannot agree with the majority’s conclusion that this broad reference to “all other applicable statutory immunity” put an onerous burden on Brown. In the specific factual situation involved in this case, very few types of immunity could be deemed applicable. Therefore, I believe that the village timely raised the affirmative defense of recreational-user immunity found in R.C. 1533.181 through the inclusion of the phrase “and all other applicable statutory immunity” in its answer.
{¶ 35} Civ.R. 8(F) states that pleadings are to be “construed as to do substantial justice.” And the Ohio Supreme Court has declared that one of the purposes of the Civil Rules is to allow cases to be decided “ ‘ “upon their merits, not upon pleading deficiencies.” ’ ”[39] By reversing the trial court’s decision, we do just the opposite. As the majority has noted, Civ.R. 1(B) states that the Ohio Rules of Civil Procedure “shall be construed and applied to effect just results by eliminating delay, unnecessary expense^] and all other impediments to the expeditious administration of justice.” In my opinion, this only reaffirms the notion that pleadings should be construed with justice in mind and that cases should be decided upon the merits, not on pleading deficiencies.
{¶ 36} I would not expand this discussion to include the allowance of dissimilar unnamed affirmative defenses under the precept of being “generally pleaded.” For example, it is not sufficient in Ohio to state in one’s responsive pleading that the defendant is entitled to all applicable affirmative defenses. Allowing this would set a dangerous precedent and manifest the concerns expressed by the majority. But that is not the case here, as the village is not attempting to assert any and all types of affirmative defenses, but rather only “all other applicable statutory immunity.” Therefore, I am convinced that the village has not waived its right to raise recreational-user immunity, indisputably an example of statutory immunity, as an affirmative defense, and I would affirm the trial court’s grant of summary judgment on that ground.

. Reed v. Multi-Cty. Juvenile Sys., 7th Dist. No. 09 CO 27, 2010-Ohio-6602, 2010 WL 5621716, at ¶ 47.

. Gallagher v. Cleveland Browns Football Co., 74 Ohio St.3d at 432, 659 N.E.2d 1232.

. Id. at 430.

. Id. at 433, fn. 3.

. Id. at 433.

. Reed, 2010-Ohio-6602, 2010 WL 5621716, at ¶ 48.

. Id. at ¶ 52.

. Id. at ¶ 49.

. Id. at ¶ 48-49.

. State ex rel. Huntington Ins. Agency v. Duryee (1995), 73 Ohio St.3d 530, 533, 653 N.E.2d 349, quoting Patterson v. V&M Auto Body (1992), 63 Ohio St.3d 573, 577, 589 N.E.2d 1306, quoting Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 175, 63 O.O.2d 262, 297 N.E.2d 113.